IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO.   3:20-00046
                                                      CIVIL ACTION NO.        3:21-00343

STEWART LONGWORTH JORDAN, III

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Movant Stewart Longworth Jordan, III's Objections to
Magistrate Judge Eifert's Proposed Findings and Recommendations. ECF No. 47. For the reasons
set forth below, the Court **DENIES** Movant's Objections and **ADOPTS AND INCORPORATES
HEREIN** the Proposed Findings and Recommendation ("PF&R."). ECF No. 46. Consistent with
these decisions, the Court **DENIES** Movant's Motion to Vacate, Set Aside, or Correct Sentence.
ECF No. 32. Finally, the Court **ORDERS** this case stricken from its docket.

**I. RELEVANT BACKGROUND**

While the factual and procedural history of this case is discussed exhaustively in the PF&R,
the Court will undertake a brief review of some essential facts before proceeding further. The case
involves parallel state and (multiple) federal proceedings, which will be detailed below.

A. State Charges

On November 9, 2018, Movant was arrested and charged in the Circuit Court of Cabell
County, West Virginia with conspiracy and possession with intent to deliver a controlled
substance. ECF No. 26 at 6-7. Movant did not post bond and was detained on the charge. *See State
of West Virginia v. Jordan*, No. CK-6-2018-B-749 (W. Va. Cir. Ct. 2018). At the time of the

offense, Movant was on parole for a 2011 state conviction for first degree attempted robbery. ECF No. 26 at 6. Because of the new charges, the State placed Movant on a parole supervision hold. *Id*. In the meantime, federal charges were filed against him. On July 10, 2019, the State dismissed the drug-trafficking charges. On April 16, 2020, (after Movant had pled guilty in federal court but before the imposition of his sentence), the State discharged him from parole, which also discharged his 2011 sentence. *Id*. Thus, he did not receive a state sentence on either the drug-trafficking charges or a parole revocation related to the drug-trafficking charges.

### B. Federal Charges

On March 26, 2019, a federal grand jury in this District indicted Movant on one count of attempted possession with intent to distribute 50 grams or more of methamphetamine. *United States of America v. Jordan*, No. 3:19-cr-000085-1 (Mar. 26, 2019) ("*Jordan I*"), ECF No. 1. This indictment was based on the same November 2018 events underlying the state charges and parole supervision hold. A federal warrant was issued for Movant's arrest, and he was brought before Magistrate Judge Eifert on August 13, 2019, for his initial appearance and his arraignment. *Jordan I*, ECF Nos. 13, 15. At those hearings, the Magistrate Judge advised Movant of his rights and of the alleged drug-trafficking charge. *Id*. at ECF Nos. 15, 16, 17. Movant entered a not guilty plea, and an arraignment order was filed. *Id*. On January 29, 2020, the Government filed a superseding indictment; Movant was again arraigned and again pled not guilty to the charges. ECF Nos. 49, 59, 61.

On March 3, 2020, Movant was charged with identical criminal conduct in an information. *United States of America v. Jordan*, No. 3:20-cr-00046-1 ("*Jordan II*"), ECF No. 1. The very same day, the Government moved to schedule a guilty plea hearing. *Id*., ECF No. 2. On March 9, 2020, Jordan pled guilty pursuant to an agreement in which he promised to enter a guilty plea to the

information in exchange for the Government's promise to seek dismissal of *Jordan I. Id.*, ECF Nos. 7, 11. In the plea agreement, Movant agreed to waive his right to be indicted, acknowledged the potential penalties for the offense, agreed that the United States Sentencing Guidelines ("U.S.S.G.") base offense level was 30, and waived his right to appeal or collaterally attack the judgment, except on the basis of ineffective assistance of counsel. ECF No. 11.

At the Rule 11 hearing, after finding Jordan competent and capable of entering a plea, the Court asked Defendant a series of question concerning the representation provided by his counsel, R. Lee Booten, II, including whether he was satisfied with counsel's legal advice. ECF No. 27 at 3-6. The Court then conducted a colloquy to determine that Movant understood: his right to be charged by an indictment and his desire to waive that right; the nature of the charge and the consequences of pleading guilty; the rights he gave up by pleading guilty; and that he was pleading guilty voluntarily. *Id*. at 7-13, 17-26. The Court then accepted Movant's guilty plea. *Id*. at 25-26.

At sentencing, parties agreed that, despite laboratory results which yielded methamphetamine purity subjecting Movant to a higher Guidelines offense level, his base offense level should be 30, pursuant to the plea agreement. ECF No. 31 at 2-5. The U.S.S.G. prescribed a range of 87-108 months of imprisonment based on his base offense level and criminal history, and neither party argued for any other departures from that range. Defense counsel twice asked the Court to credit Movant's time in state custody toward his federal sentence, as he was arrested for violating his parole in a state criminal matter for the conduct alleged in the information in the federal case, citing U.S.S.G. §5G1.3(b). *Id*. at 8-9, 14-15. The Court agreed to include a recommendation to the BOP that it credit Movant for the time that he was arrested on the parole violation. *Id*. at 14. Ultimately, the Court sentenced Movant to 87 months of imprisonment, four

years of supervised release, and a $100 special assessment, which Movant did not appeal. ECF No. 23.

On June 16, 2021, Movant filed his Motion under § 2255, asserting two grounds for relief: (1) that defense counsel failed to object to the lack of arrest pursuant to a warrant and initial appearance in *Jordan II* and the lack of preliminary hearing in both *Jordan I* and *Jordan II*, and; (2) that defense counsel failed to argue for a downward departure for time served in state custody. ECF No. 32. The Motion was referred to Magistrate Judge Eifert, who ordered the Government's response and directed prior defense counsel to file an affidavit responding to Movant's claims. ECF Nos. 35, 38. She considered these responses and a reply brief by Movant in making her decision. ECF Nos. 43, 46.

## II. LEGAL STANDARD

Where a party is proceeding *pro se*, the Court will liberally construe his pleadings and objections. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In reviewing objections to a PF&R, the Court must conduct a *de novo* review of those portions of the Magistrate Judge's findings "to which objection is made." 28 U.S.C. § 636(b)(1)(C). On the other hand, the Court is not obligated to conduct a review of factual and legal conclusions to which a party does *not* object. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Nor is the Court tasked with conducting *de novo* review of "general and conclusory" objections; instead, objections must raise specific errors in the PF&R. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)) (reasoning that "vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless"). Finally, the Court possesses the wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C.

§ 636(b)(1)(C). With this framework in mind, the Court turns to a consideration of Movant's pending objections.

## III. DISCUSSION

Movant presents various nonspecific objections as to Magistrate Judge Eifert's PF&R. The objections simply further detail the two grounds stated in support of his § 2255 motion and reassert the arguments raised in front of the Magistrate Judge, that defense counsel provided ineffective assistance of counsel.

A successful claim for ineffective assistance of counsel is a hard standard to meet. Under *Strickland v. Washington*, a criminal defendant can prove ineffective assistance of counsel by meeting the requirements of a two-pronged test. 466 U.S. 668, 687 (1984). First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Second, the defendant must show that he was actually prejudiced by the unreasonable representation. *Id.* The defendant carries the burden of satisfying both prongs of the test and "a failure of proof on either prong ends the matter." *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 1994).

### A. Objection as to Ground One

Movant argues that he received ineffective assistance of counsel because in *Jordan II*, Movant was not arrested pursuant to a warrant and did not receive an initial appearance or preliminary hearing as required by the Federal Rules of Criminal Procedure. His objection rehashes an argument presented to Magistrate Judge Eifert, but now notes that the Magistrate Judge conceded that Movant did not receive those hearings and that his attorney's affidavit fails to explain why he did not object. Def.'s Objections at 3. He again argues that absent this performance, he would not have pled guilty, and cites *Lee* as supporting the proposition that this statement is

enough to establish prejudice. *Id*. at 3-4 (citing *Lee v. United States*, 137 S. Ct. 1958 (2017)). Lastly, he argues, once again, that his objection is not procedurally defaulted based on the holding in *Massaro*. *Id*. at 4 (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

    *1. Lack of Warrant, Initial Appearance, and Preliminary Hearing*

    Magistrate Judge Eifert correctly applied the law to determine that these claims were without merit. Movant's objection to a sentence in the PF&R where the Magistrate Judge conceded that Movant did not receive certain hearings enumerated in the Federal Rules of Criminal Procedure, because they were inapplicable to him, does not make his objection specific or meritorious. As Magistrate Judge Eifert explained, Movant was charged with identical conduct in both *Jordan I* and *Jordan II*. *See* PF&R at 11-12. When he was first arrested (pursuant to a warrant), in *Jordan I*, he received an initial appearance, during which he was fully advised of his rights and the charge against him and was provided with counsel. When the charge in the superseding indictment in *Jordan I* was later asserted in an information (initiating *Jordan II*), Movant was brought to court pursuant to a writ of habeas corpus ad prosequendum to enter a guilty plea. *Jordan II,* ECF No. 6. As Magistrate Judge Eifert noted, "[i]t is obvious from the record of both cases, as well as the plea agreement, that the information was filed in *Jordan II* for the sole purpose of resolving the charge *Jordan I;* they were not meaningfully separate prosecutions. The purpose of an initial appearance is to inform the defendant of the charge against him and of his rights; as such, Jordan effectively received that advice relative to the criminal conduct set forth in the information." PF&R at 11. This Court concurs.

    Further, as she correctly noted, Movant did not receive a preliminary hearing in either federal case because he was simply not entitled to one. A preliminary hearing is not held when the defendant has been indicted, or when he is charged in an information. *See* Fed. R. Crim. Pro.

5.1(a)(2)-(4). Movant was indicted in *Jordan I* and charged by an information in *Jordan II*. Thus, the Magistrate Judge correctly and adequately explained why a failure to object to the lack of initial appearance and preliminary hearing did not constitute ineffective assistance of counsel. Magistrate Judge Eifert's concession that he did not receive the hearings and was not arrested pursuant to a warrant, simply because it was true that he did not, does not call into question her well-reasoned conclusion. Nor was his counsel required to state his reasons for failing to object in the affidavit, when the Magistrate Judge was able to ascertain that no mistake had been made.

As a final note, though it is not fully developed in his objections or the underlying motion, the Magistrate Judge correctly found that defense counsel was not ineffective for failing to object to the lack of arrest warrant. In *Jordan I*, a warrant was issued against Movant. *Jordan I*, ECF No. 4. It was unnecessary to issue another warrant pursuant to the information in *Jordan II*, which was only instigated to resolve the superseding indictment in *Jordan I*. Moreover, Movant entered a guilty plea to this information, during which he waived his right to indictment and to collaterally attack the plea. *Jordan II*, ECF Nos. 9, 11.

*2. Lack of Prejudice*

Magistrate Judge Eifert correctly determined that, even assuming defense counsel's failure to challenge the lack of warrant and hearings was deficient, Movant was not prejudiced by this failure. To assess the existence of prejudice "[t]he defendant must show that there is a *reasonable probability* that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The Magistrate Judge noted that the only evidence Movant provided in his motion was his self-serving conclusory statement that there is no "reasonable probability" he would have pled

guilty if he had been given these hearings. Movant, in his objections, only provides the same conclusory statement and now cites *Lee* as additional support for his claim that his own statement is enough to find prejudice existed. Def.'s Objections at 3 (citing *Lee*, 137 S. Ct. 1958.) *Lee* does not support the proposition that a defendant's bare assertion that he would not have pled guilty had he fully understood the consequences is enough to establish prejudice. In *Lee*, the Court noted that Lee was prejudiced by counsel's erroneous advice that a plea would not subject him to immigration consequences where he had "adequately demonstrated a reasonable probability that he would have rejected the plea had he known that it would lead to mandatory deportation," because the record established that deportation was the determinative issue in Lee's decision to accept the plea deal. *Id*. at 1967-68.

The same is not true here. Here, Movant does not explain how his decision would have been affected had counsel insisted that the Court issue another arrest warrant or hold another initial appearance. As Magistrate Judge Eifert noted, the circumstances strongly suggest that Jordan would have plead guilty even with those procedural safeguards. Indeed, even after being arrested pursuant to a warrant and receiving an initial appearance in *Jordan I*, Movant pled guilty to the charge in the information in *Jordan II* involving the very same conduct. The plea agreement was quite beneficial to Jordan, because of the reduced base offense level. Thus, Movant has not met his burden to show that he was prejudiced where he cannot even show that there was a reasonable probability he would have rejected a plea deal with additional procedural safeguards.

### 3. Procedural Bar

Lastly the Magistrate Judge correctly concluded that Movant's claims are procedurally barred. Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro*, 538 U.S. at 504 (citing *United States v. Frady*,

456 U.S. 152, 167-168 (1982); *Bousley v. United States,* 523 U.S. 614, 621-622 (1998)). Of course, as *Massaro* held, a failure to raise an ineffective assistance of counsel claim on direct appeal does not bar the claim from being brought in a subsequent proceeding for collateral review. Def.'s Objections at 4 (citing *Massaro*, 538 U.S. at 509). But while a claim of ineffective assistance of counsel may constitute cause to excuse procedural default, it is only an excuse when the claim has merit. *Murray v. Carrier*, 477 U.S. 478 (1986). As the Magistrate Judge correctly found, the claim is without merit, and thus cannot excuse his procedural default.

Therefore, nothing Movant has raised in his objections regarding Ground One is valid, and there is no basis to overturn or modify the Magistrate Judge's decision.

B. Objection as to Ground Two

Movant also argues, again, that his attorney provided him with ineffective assistance of counsel when Mr. Booten requested credit for time served in his sentencing memorandum and at the sentencing hearing under U.S.S.G. § 5G1.3(b). Def.'s Objections at 6-7. Instead, Movant claims, counsel should have requested a concurrent sentence under U.S.S.G. § 5G1.3(d). *Id*. While he received 59 days of jail credit towards his federal sentence, he claims that, had defense counsel moved for a departure pursuant to § 5G1.3(d), the Court would have exercised its authority to impose a fully concurrent sentence and award him credit from November 2018 to April 2020. *Id*. at 8. Movant acknowledges that there was a discussion at the sentencing hearing regarding § 5G1.3(b) and that the Court recommended to the Bureau of Prisons that he receive credit but argues that the Court failed to recognize its authority to order the state parole violation sentence to run concurrent with his federal sentence. *Id*. at 7-8.

However, this is not a valid objection to the Magistrate Judge's findings because, in both his § 2255 motion and reply brief, Movant repeatedly asserted that his counsel erred in failing to

provide the Court all the information needed to make a decision under U.S.S.G. § 5G1.3(b). *See* ECF Nos. 32, 45. Of course, as the Magistrate Judge found, in both the sentencing memorandum and at the sentencing hearing, defense counsel argued for adjusting defendant's sentence for the period of imprisonment served on his state charge or for crediting defendant for the time served. ECF No. 19 at 3; ECF No. 31 at 8. However, the Court did not entertain a sentence adjustment, and as the Magistrate Judge found, §5G1.3(b) is simply inapplicable to Movant's case.[1] The Magistrate Judge correctly found that Jordan did not receive ineffective assistance of counsel regarding any argument under § 5G1.3(b).

Accordingly, Movant's new argument regarding § 5G1.3(d) appears to be an impermissible attempt to amend his § 2255 motion through his objections. Moreover, under U.S.S.G. § 5G1.3(d), Movant fares no better. That section simply provides a policy statement that, "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. §

---

[1] U.S.S.G. §5G1.3(b) states:
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

As discussed above and in the PF&R, Movant did not receive a "term of imprisonment" resulting from another offense that was "relevant conduct" to the instant offense of conviction. *See* PF&R at 15-16. Although Movant spent time in jail as a state pretrial detainee, both the parole supervision hold and state drug-trafficking charges were dismissed without imposition of a sentence, and thus this provision was inapplicable to Movant's sentence.

5G1.3(d). Again, because the state parole supervision hold was discharged in April 2020 and the state drug-trafficking charges were dismissed in July 2019, at the June 2020 sentencing, there simply was no undischarged term of imprisonment for this Court to consider. Moreover, as the Application Notes state, "[u]nlike subsection (b), subsection (d) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment." U.S.S.G. § 5G1.3 cmt. n.4(e). And while the Note clarifies that under (d), it still may be appropriate for the Court to downwardly depart in an extraordinary case, the Court was unwilling to entertain to entertain an adjustment or other departure here. Thus, the Court recommending that defendant receive time credit to the BOP, as it did at the behest of defense counsel, is the best outcome Movant could have hoped for in his circumstances. ECF No. 31 at 14.

Thus, none of Movant's attempted objections point to any mistake in the Magistrate Judge's reasoning. He simply reasserts the same unmeritorious arguments made in front of the Magistrate Judge and attempts to impermissibly raise one new argument. Thus, Movant has not asserted any specific objections. To the extent that any of the arguments could constitute specific objections, they fail to indicate any errors within the PF&R as discussed above.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Movant's Objections (ECF No. 47) and **ADOPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendation ("PF&R.") (ECF No. 46). Consistent with these decisions, the Court **DENIES** Movant's Motion to Vacate, Set Aside, or Correct Sentence. ECF No. 32. Finally, the Court **ORDERS** this case stricken from its docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Eifert, counsel of record, and any unrepresented parties.

ENTER:      June 13, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-12-