IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  　　　　　　　　　　　　　　　　　CRIMINAL ACTION NO.　3:20-00046
　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.　　　3:21-00343

STEWART LONGWORTH JORDAN, III

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Stewart L. Jordan's pro se Motion to Alter or Amend a Judgment. ECF No. 51. For the reasons set forth below, the Court **DENIES** Movant's Motion.

Proceeding pro se, Movant initiated this action by filing his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See* Mot., ECF No. 32. Movant made various allegations of ineffective assistance of counsel. By standing order, this case was referred to Magistrate Judge Cheryl A. Eifert for her preliminary findings of fact and recommendation for disposition. She issued her Proposed Findings and Recommendation ("PF&R") on April 8, 2022, concluding that Movant did not have a meritorious claim. *See* PF&R, ECF No. 46. Petitioner timely filed a set of objections to the PF&R on April 25, 2022, which the Court denied in its June 13, 2022, Memorandum Opinion and Order. ECF No. 48. Movant followed entry of that Order with the instant Motion for Reconsideration, which the Court now addresses.

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Within the Fourth Circuit, such motions may only be granted for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3)

to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). No matter the basis, granting a Rule 59(e) motion "is any extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012).

Movant appears to argue that, had his lawyer quoted United States Sentencing Guidelines ("U.S.S.G.") § 5K2.23, this Court would have granted a downward variance. This Court discussed its decision to deny a downward variance and counsel's arguments exhaustively in its previous opinion. The Court was, and continues to be, aware of its ability to impose a downward departure and found that inapplicable here. Raising the general policy statement regarding undischarged terms of imprisonment as grounds for a downward departure and citing to additional case law does not raise new facts or an intervening change in controlling law. Nor is reconsideration necessary to correct an error or prevent manifest injustice. The Court has addressed Movant's contention that counsel was ineffective for failing to raise a variance/departure based on the U.S.S.G. commentary on undischarged terms of imprisonment, finding that "there simply was no undischarged term of imprisonment for this Court to consider." Mem. Op. and Order at 11. Therefore, the Court now **DENIES** Movant's Motion.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, and any unrepresented parties.

ENTER: July 19, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE